**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GREGORIO and PATRICK QUIROZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CLOROX COMPANY,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiffs Joseph Gregorio and Patrick Quiroz ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant The Clorox Company ("Clorox" or "Defendant") for making, marketing, and distributing the Green Works® products identified below.  Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF ACTION

1.      To capitalize on consumer demand for "natural" home cleaning products, The Clorox Company claims that the products in its Green Works® line ("Green Works® Products" or the "Products") are "natural" and "naturally derived."  But the Products all contain synthetic and non-natural ingredients; they are neither "natural" nor "naturally derived."  Defendant is well-aware that its Green Works® Products contain synthetic and non-natural ingredients, but labels them as "natural" and "naturally derived" anyway because it knows that consumers are more likely to purchase products bearing those labeling statements and pay a price premium for them.

2.      The Products that contain these false representations include at least the following:

- Green Works® Multi-Surface Cleaner
- Green Works® Multi-Surface Cleaner Lemon Scent
- Green Works® Bathroom Cleaner
- Green Works® Stain Remover & Bleach
- Green Works® Compostable Cleaning Wipes
- Green Works® Compostable Cleaning Wipes Water-Lily Scent
- Green Works® Dishwashing Liquid
- Green Works® Dishwashing Liquid Water-Lily Scent
- Green Works® Dishwashing Liquid Free & Clear Scent
- Green Works® Laundry Detergent Original
- Green Works® Laundry Detergent Free & Clear Scent
- Green Works® Toilet Bowl Cleaner

3.      Plaintiffs bring claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of Green Works® Products for (1) violation of California's Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et. seq.*; (2) violation of California's False Advertising Law ("FAL"), Business & Professions Code § 17500 *et seq.*; (3) violation of California's Unfair Competition Law ("UCL"), California Business & Professions

Code §§ 17200, *et seq.*; (4) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; (5) violation of New York's General Business Law ("GBL") § 349, Deceptive Acts and Practices; (6) violation of New York's GBL § 350, False Advertising; (7) breach of express warranty; (8) breach of the implied warranty of merchantability; (9) unjust enrichment; (10) negligent misrepresentation; and (11) fraud.

## PARTIES

4.     Plaintiff Joseph Gregorio is, and at all times relevant to this action has been, a resident of New York, New York.  In approximately April of 2017, Mr. Gregorio purchased Green Works® Naturally Derived Dishwashing Liquid from a Duane Reade store located in New York, New York.  While shopping, Mr. Gregorio was specifically interested in purchasing natural cleaning products.  Mr. Gregorio purchased the Green Works® Product based on the claim that it was "naturally derived."  He understood this to mean that he was purchasing a natural product that did not contain any synthetic or non-natural ingredients.  Mr. Gregorio believed that Defendant's "naturally derived" claims were true and relied on them in that he would not have purchased the Green Works® Product at all, or would have been only willing to pay a substantially reduced price for the Green Works® Product, had he known that the natural representations were false.

5.     Plaintiff Patrick Quiroz, is, and at all times relevant to this action has been, a resident of Orange County, California.  In approximately March of 2017, Mr. Quiroz purchased Green Works® Naturally Derived Dishwashing Liquid and Green Works® Naturally Derived Laundry Detergent from a Target store located in Orange County, California.  While shopping, Mr. Quiroz was specifically interested in purchasing natural cleaning products.  Mr. Quiroz purchased the Green Works® Products based on claims on the Products' labels that the Products were "naturally derived."  He understood this to mean that he was purchasing natural products that did not contain any synthetic or non-natural ingredients.  Mr. Quiroz believed that Defendant's "naturally derived" claims were true and relied on them in that he would not have purchased the Green Works® Products at all, or would have been only willing to pay a substantially reduced price for the Green Works® Products, had he known that the natural representations were false.

6.      Defendant The Clorox Company is a Delaware corporation with its principal place of business at 1221 Broadway, Oakland, California 94612.  Defendant manufactures, markets, and distributes the Green Works® Products throughout the United States.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 (federal question).  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

8.      This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

9.      This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.  Additionally, Defendant's principal place of business is in this District.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District, a substantial part of the events giving rise to Plaintiffs' claims took place within this District (*e.g.*, the research, development, design, and marketing of Green Works® Products), and Defendant's principal place of business is in this District.

**COMMON FACTUAL ALLEGATIONS**

11.     Defendant's labeling and advertising puts forth a straightforward, material message: Green Works® Products contain only ingredients that are natural.  This core representation regarding the Products is false and misleading because the Products in fact contain ingredients that are synthetic, non-natural and highly chemically processed.

12.     The Products are sold in a variety of outlets, including Target, Ace Hardware, Kroger, Publix, King Soopers, Rite Aid, Walmart, Duane Reade, and various other health food, grocery, and drug stores.

13.     The primary focus of Defendant's Green Works® product line is the claim that the Products are "naturally derived" and are therefore better than non-natural products.  Defendant plasters the Products' labels and the Green Works® website with claims related to the "natural" character of the Products.  Defendant does so in an effort to capitalize on the growing market for natural products.  Consumers are willing to pay a price premium for products labeled and advertised as natural.

14.     The packaging for the Products misrepresents that the Products are "naturally derived."  Clorox makes this claim upon the front of the packaging of all of its Green Works® Products, which is additionally illustrated with green coloring, leaves, flowers and the word "green" prominently featured in the name of the Products.

 

15.     The back of the packaging of the Products likewise states that consumers can expect "powerful cleaning done naturally."

16.    These representations are all false and highly misleading.  Consumers understand "natural" and "naturally derived" to mean "existing in nature and not made or caused by people; coming from nature" or "not having any extra substances or chemicals added; not containing anything artificial."  Under this definition, and the expectations of reasonable consumers, the Products cannot be considered "natural" or "naturally derived" because they contain ingredients that are synthetic, non-natural and highly chemically processed.

17.    Defendant's Products contain the following non-exhaustive list of non-natural and/or synthetic ingredients:

(a)    *Boric Acid.*  A synthetic preservative often used as an antiseptic, insecticide, or flame retardant.  It is known to cause kidney damage and/or failure, testicular atrophy and developmental defects including cardiovascular defects and skeletal variations.  Substances and mixtures imported into the EU which contain Boric Acid are required to be labelled with the warnings "May damage fertility" and "May damage the unborn child."

(b)    *Calcium Chloride.*  A chemical preservative used as a firming agent as well as for deicing and road surfacing.  The FDA has held that products

containing calcium chloride should not be labelled "natural."  It is known to cause gastrointestinal irritation, ulceration and hypercalcaemia.

(c)     ***Citric Acid.***  This is synthetically produced by feeding simple carbohydrates to Aspergillus niger mold and then processing the resulting fermented compound.  Calcium hydroxide and sulfuric acid are often used in processing citric acid.

(d)     ***Cocamine Oxide.***  A man-made mixture of coconut fatty acids.  It is typically used in cleaning products as a primary cleaner, foam enhancer, stabilizer, and thickener.

(e)     ***Dimethicone/Silica Antifoam.***  This is a silicon-based polymer used as a lubricant and conditioning agent.  It is man-made in laboratories and suspected to be an environmental toxin.

(f)     ***Fragrance.***  Many of the compounds in Fragrance are carcinogenic or otherwise toxic.  Fragrance on a label can indicate the presence of 4,000 separate ingredients.  Most or all of them are synthetic.  Clinical observation by medical doctors have shown that exposure to fragrances can affect the central nervous system.

(g)     ***Glycerin.***  Glycerin is an emollient that, according to the FDA, is a synthetic substance.  7 C.F.R. 205.603(a)(12).  The glycerin used in Defendant's Products is not "natural" but instead, upon information and belief, is manufactured through saponification, whereby fat molecules in vegetable oil are chemically altered using sodium hydroxide, a highly toxic chemical.

(h)     ***Hydrogen Peroxide.***  This is also referred to as hydrogen dioxide.  It is made by the electrolytic oxidation of sulfuric acid or a sulfate to persulfuric acid or a persulfuric acid salt with subsequent hydrolysis and distillation of the hydrogen peroxide formed; by decomposition of barium peroxide with sulfuric or phosphoric acid; by hydrogen reduction of 2-ethylanthraquinone, followed by oxidation with air, to regenerate the quinone and produce

hydrogen peroxide; or by electrical discharge through a mixture of hydrogen, oxygen, and water vapor.

(i) **Isopropanol.**  This is a solvent and denaturant (poisonous substance that changes another substance's natural qualities).  This petroleum-derived substance is also used in antifreeze and as a solvent in shellac.

(j) **Lauryl Glucoside.**  A surfactant derived from genetically modified corn.

(k) **Liquitint® Blue HP Dye.**  A man-made colorant manufactured by Milliken Chemical.

(l) **Liquitint® Bright Yellow Dye.**  A man-made colorant manufactured by Milliken Chemical.

(m) **Methylisothiazolinone.**  This is a powerful synthetic biocide and preservative within the group of isothiazolinones, which is used in a wide range of industrial applications.

(n) **Octylisothiazolinone**.  This is a synthetic biocide/disinfectant which is used as a preservative in polishes, paints, cleaners, adhesives, and metalworking fluids.

(o) **Potassium Carbonate.**  Recognized as a synthetic ingredient by 7 C.F.R. 3 205.605(b).

(p) **Potassium Citrate.**  Synthetic substance prepared by reacting elemental potassium with citric acid.

(q) **Sodium Gluconate.**  Sodium gluconate is a preservative.  Upon information and belief, Plaintiffs allege that the sodium gluconate used in Defendant's Products is derived from genetically modified corn.  GMOs are not "natural," but synthetic, man-made organisms.

(r) **Sodium Hydroxide.**  Sodium hydroxide, commonly known as lye, is used to reduce the acidity of a product.  Sodium hydroxide is not "natural," but instead is manufactured by breaking down saltwater into sodium, chlorine,

hydrogen, and hydroxide ions through electrolysis, and then recombining the sodium and hydroxide ions to form sodium hydroxide.

(s)   **Sodium Lauryl Sulfate.**  Sodium lauryl sulfate (SLS) is a highly chemically-processed surfactant, detergent, and emulsifier sourced from fatty acids that are extracted from coconut or palm oil, which are then chemically converted into esters and hydrogenated through the addition of chemicals to produce fatty alcohol.  The fatty alcohol is then sulfated and neutralized through further chemical processing to yield the final ingredient.

(t)   **Xanthan Gum.**  Xanthan gum is a thickening agent that, according the FDA regulations, is a synthetic substance.  7 C.F.R. 205.605(b).  Xanthan gum is not "natural" but is instead manufactured through fermentation or carbohydrates and subsequent treatment of the byproduct with isopropyl alcohol.

18.   No product labeled "natural" or "naturally derived" should contain any of these ingredients.  And yet, the following Green Works® products each contain several:

| **PRODUCT** | **UPC** | **SYNTHETIC AND/OR UNNATURAL INGREDIENTS** |
|---|---|---|
| Green Works® Multi-Surface Cleaner | 44600302829/ 44600004501 | Fragrance Lauryl Glucoside Liquitint® Blue HP Dye Liquitint® Bright Yellow Dye Methylisothiazolinone Potassium Carbonate Potassium Citrate Sodium Gluconate Sodium Hydroxide |
| Green Works® Multi-Surface Cleaner Lemon Scent | 44600302003 | Fragrance Lauryl Glucoside Liquitint® Bright Yellow Dye Methylisothiazolinone Potassium Carbonate Potassium Citrate Sodium Gluconate Sodium Hydroxide |
| Green Works® Bathroom Cleaner | 44600300573/ | Citric Acid |

| | | |
|---|---|---|
| | 44600305936 | Fragrance<br>Lauryl Glucoside |
| Green Works® Stain Remover & Bleach | 44600306476 | Citric Acid<br>Fragrance<br>Hydrogen Peroxide<br>Sodium Lauryl Sulfate |
| Green Works® Compostable Cleaning Wipes | 44600303116/<br>44600303154 | Citric Acid<br>Dimethicone/Silica Antifoam<br>Frangrance<br>Isopropanol<br>Glycerin<br>Methylisothiazolinone<br>Octylisothiazolinone |
| Green Works® Compostable Cleaning Wipes Water-Lily Scent | 44600308982/<br>44600308999 | Citric Acid<br>Dimethicone/Silica Antifoam<br>Fragrance<br>Glycerin<br>Methylisothiazolinone |
| Green Works® Dishwashing Liquid | 44600301686 | Sodium Lauryl Sulfate<br>Cocamine Oxide<br>Citric Acid<br>Glycerin<br>Fragrance<br>Isopropanol<br>Lauryl Glucoside<br>Liquitint® Blue HP Dye<br>Liquitint® Bright Yellow Dye<br>Methylisothiazolinone |
| Green Works® Dishwashing Liquid Water-Lily Scent | 44600301716 | Sodium Lauryl Sulfate<br>Cocamine Oxide<br>Citric Acid<br>Glycerin<br>Fragrance<br>Isopropanol<br>Lauryl Glucoside<br>Liquitint® Blue HP Dye<br>Liquitint® Bright Yellow Dye<br>Methylisothiazolinone |
| Green Works® Dishwashing Liquid Free & Clear Scent | 44600301723 | Cocamine Oxide<br>Citric Acid<br>Glycerin<br>Isopropanol<br>Lauryl Glucoside<br>Methylisothiazolinone<br>Sodium Lauryl Sulfate |
| Green Works® Laundry Detergent Original | 44600303192 | Boric Acid<br>Calcium Chloride |

| | | Glycerin<br>Lauryl Glucoside<br>Liquitint® Blue HP Dye<br>Liquitint® Bright Yellow Dye<br>Methylisothiazolinone<br>Sodium Gluconate |
|---|---|---|
| Green Works® Laundry Detergent Free & Clear Scent | 44600303208 | Boric Acid<br>Calcium Chloride<br>Glycerin<br>Lauryl Glucoside<br>Liquitint® Blue HP Dye<br>Liquitint® Bright Yellow Dye<br>Methylisothiazolinone<br>Sodium Gluconate<br>Sodium Hydroxide |
| Green Works® Toilet Bowl Cleaner | 44600004518 | Citric Acid<br>Fragrance<br>Lauryl Glucoside<br>Liquitint® Blue HP Dye<br>Liquitint® Bright Yellow Dye<br>Xanthan Gum |

19.     Clorox has profited enormously from its false and misleading representation that its Green Works® Products are "naturally derived" and that consumers can expect "powerful cleaning done naturally."  The purpose of this action is to require Clorox to undertake a corrective advertising campaign and to provide consumers with monetary relief for Clorox's deceptive and misleading product claims.

## CLASS REPRESENTATION ALLEGATIONS

20.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased Green Works® Products (the "Class").  Excluded from the Class are persons who made such purchases for purpose of resale.

21.     Plaintiff Gregorio also seeks to represent a subclass of all Class Members who purchased Green Works® Products in New York (the "New York Subclass").

22.     Plaintiff Quiroz also seeks to represent a subclass of all Class Members who purchased Green Works® Products in California (the "California Subclass").

23.     At this time, Plaintiffs do not know the exact number of members of the aforementioned Class and Subclasses ("Class Members" and "Subclass Members," respectively);

however, given the nature of the claims and the number of retail stores in the United States selling Clorox's Products, Plaintiffs believe that Class and Subclass members are so numerous that joinder of all members is impracticable.

24.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

(a)     whether Clorox misrepresented and/or failed to disclose material facts concerning Green Works® "Naturally Derived" Products;

(b)     whether Clorox's conduct was unfair and/or deceptive;

(c)     whether Clorox has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Clorox to retain the benefits conferred upon Clorox by Plaintiffs and the Class;

(d)     whether Clorox violated the Magnuson-Moss Warranty Act;

(e)     whether Clorox breached express and imlied warranties to Plaintiffs and the Class;

(f)     whether Plaintiffs and the Class have sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages.

25.     With respect to the California Subclass, additional questions of law and fact common to the members that predominate over questions that may affect individual members include whether Clorox violated the California Consumer Legal Remedies Act, as well as California's False Advertising law and Unfair Competition law.

26.     With respect to the New York Subclass, additional questions of law and fact common to the members that predominate over questions that may affect individual members include whether Clorox violated New York's Deceptive Acts and Practices law, as well as New York's False Advertising law.

27.     Plaintiffs' claims are typical of those of the Class because Plaintiffs, like all members of the Class, purchased, in a typical consumer setting, Clorox's Green Works® Products

bearing the natural representations and other representations, and Plaintiffs sustained damages from Clorox's wrongful conduct.

28.     Plaintiffs will fairly and adequately protect the interests of the Class and Subclasses and have retained counsel that is experienced in litigating complex class actions. Plaintiffs have no interests which conflict with those of the Class or the Subclasses.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30.     The prosecution of separate actions by members of the Class and the Subclasses would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Clorox. For example, one court might enjoin Clorox from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the Class and the Subclasses even where certain Class or Subclass members are not parties to such actions.

## COUNT I
### (Violation of California's Unfair and Deceptive Acts and Practices Law)

31.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

32.     Plaintiff Quiroz brings this cause of action on behalf of himself and members of the California Subclass.

33.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

34.     Plaintiff Quiroz and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Green Works® Products for personal, family, or household purposes.

35.     Plaintiff Quiroz, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

36.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was

undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

37.     As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff Quiroz and the other members of the California Subclass that the Green Works® Products were "naturally derived," and that consumers can expect "powerful cleaning done naturally," when they contained unnatural and/or synthetic chemicals.

38.     As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

39.     CLRA § 1782 NOTICE.  On May 25, 2017, a CLRA demand letter was sent to Defendant via certified mail that provided notice of Defendant's violation of the CLRA and demanded that within thirty (30) days from that date, Defendant correct, repair, replace or other rectify the unlawful, unfair, false and/or deceptive practices complained of herein.  The letter also stated that if Defendant refused to do so, a complaint seeking damages in accordance with the CLRA would be filed.  Defendant received the letter on May 31, 2017.  Defendant has failed to comply with the letter.  Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff Quiroz, on behalf of himself and all other members of the California Subclass, seeks injunctive relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

## COUNT II
### (Violations of California's False Advertising Law)

40.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

41.     Plaintiff Quiroz brings this cause of action on behalf of himself and members of the California Subclass.

42.     As alleged more fully above, Defendant has falsely advertised the Green Works® Products by falsely claiming that they are natural when they are not.

43.     Plaintiff Quiroz and the other members of the California Subclass have suffered injury in fact and have lost money or property as a result of Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*

## COUNT III
### (Violation California's Unfair Competition Law)

44.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

45.     Plaintiff Quiroz brings this cause of action on behalf of himself and members of the California Subclass.

46.     By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

47.     Defendant has violated the UCL's proscription against engaging in *unlawful* conduct as a result of:

      (a)     its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9), as alleged above; and

      (b)     its violations of the FAL, Cal. Bus. & Prof. Code § 17500 *et seq.* as alleged above.

48.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

49.     As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of the Green Works® Products is likely to deceive reasonable consumers. Indeed, Plaintiff Quiroz and the other members of the California Subclass were unquestionably deceived regarding the nature of the Green Works® Products, as Defendant's marketing, advertising, packaging, and labeling of the Green Works® Products misrepresents and/or omits the true facts concerning the characteristics of the Green Works® Products.  Said acts are fraudulent business practices.

50.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in *unfair* conduct.

51.     Plaintiff Quiroz and the other California Subclass members suffered a substantial injury by virtue of buying the Green Works® Products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling or by

1    virtue of paying a premium price for the unlawfully, fraudulently, and unfairly marketed,

2    advertised, packaged, and labeled Green Works® Products.

3          52.     There is no benefit to consumers or competition from deceptively marketing and

4    labeling the Green Works® Products, which purport to be "naturally derived," and that consumers

5    can expect "powerful cleaning done naturally," when these unqualified claims are false.

6          53.     Plaintiff Quiroz and the other California Subclass members had no way of

7    reasonably knowing that the Green Works® Products they purchased were not as marketed,

8    advertised, packaged, or labeled.  Thus, they could not have reasonably avoided the injury each of

9    them suffered.

10         54.     The gravity of the consequences of Defendant's conduct as described above

11   outweighs any justification, motive, or reason therefore, particularly considering the available legal

12   alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous,

13   offends established public policy, or is substantially injurious to Plaintiff Quiroz and the other

14   members of the California Subclass.

15         55.     Defendant's violations of the UCL continue to this day.

16         56.     Pursuant to California Business and Professional Code § 17203, Plaintiff Quiroz and

17   the California Subclass seek an order of this Court that includes, but is not limited to, an order

18   requiring Defendant to:

19              (a)     provide restitution to Plaintiff Quiroz and the other California Subclass

20                      members;

21              (b)     disgorge all revenues obtained as a result of violations of the UCL; and

22              (c)     pay Plaintiffs' and the California Subclass' attorneys' fees and costs.

## COUNT IV
**(Violation Of The Magnuson-Moss Warranty Act,**
**15 U.S.C. §§ 2301, *et seq.*)**

25         57.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

26         58.     Plaintiffs bring this claim individually and on behalf of the members of the

27   proposed Class and Subclasses against Defendant.

28

---

59.     The Green Works® Products are consumer products as defined in 15 U.S.C. § 2301(1).

60.     Plaintiffs and the Class and Subclass members are consumers as defined in 15 U.S.C. § 2301(3).

61.     Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

62.     In connection with the sale of Green Works® Products, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), by making express warranties that the Products are "naturally derived" and that consumers can expect "powerful cleaning done naturally."

63.     The Green Works® Products do not conform to the express warranties because each of the express warranties is false and misleading.  In fact, the Products contain unnatural and/or synthetic ingredients, including methylisothiazolinone.

64.     By reason of Defendant's breach of warranties, Defendant violated the statutory rights due Plaintiffs and the Class and Subclass members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiffs and the Class and Subclass members.

65.     Plaintiffs and the Class and Subclass members were injured as a direct and proximate result of Defendant's breach because they would not have purchased the Green Works® Products if they knew the truth about the unnatural and/or synthetic ingredients in the product.

## COUNT V

### (Deceptive Acts Or Practices, New York Gen. Bus. Law § 349)

66.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

67.     Plaintiff Gregorio brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendant.

68.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that the Products are "naturally derived," and that consumers can expect "powerful cleaning done naturally."

69.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of Green Works® Products to induce consumers to purchase same.

70.     Plaintiff Gregorio and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Green Works® Products if they knew the truth about the unnatural and/or synthetic ingredients in the product, (b) they overpaid for Green Works® Products because they are sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Green Works® Products did not have the characteristics, uses, or benefits as promised, namely that they were "naturally derived" and that consumers can expect "powerful cleaning done naturally."  As a result, Plaintiff Gregorio and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Green Works® Products or in the difference in value between Green Works® Products as warranted and Green Works® Products as actually sold.

71.     On behalf of himself and other members of the New York Subclass, Plaintiff Gregorio seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VI

### (False Advertising, New York Gen. Bus. Law § 350)

72.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

73.     Plaintiff Gregorio brings this claim individually and on behalf of the members of the proposed New York Subclass.

74.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the nature of the ingredients contained in Green Works® Products.

75.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

76.     This misrepresentation has resulted in consumer injury or harm to the public interest.

77.     Plaintiff Gregorio and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Green Works® Products if they knew the truth about the unnatural and/or synthetic ingredients in the product, (b) they overpaid for Green Works® Products because they are sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Green Works® Products did not have the characteristics, uses, or benefits as promised, namely that they were "naturally derived" and that consumers can expect "powerful cleaning done naturally."  As a result, Plaintiff Gregorio and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Green Works® Products or in the difference in value between Green Works® Products as warranted and Green Works® Products as actually sold.

78.     On behalf of himself and other members of the New York Subclass, Plaintiff Gregorio seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

## COUNT VII
### (Breach Of Express Warranty)

79.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

80.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

81.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that the Green Works® Products were "naturally derived" and that consumers can expect "powerful cleaning done naturally."

82.     In fact, the Green Works® Products contain unnatural and/or synthetic ingredients, such as methylisothiazolinone, among others.

83.     As a direct and proximate cause of Defendant's breach of express warranty, Plaintiffs and Class members have been injured and harmed because they would not have

purchased the Green Works® Products if they knew the truth about the product and its unnatural and/or synthetic ingredients.

## COUNT VIII

### (Breach Of Implied Warranty Of Merchantability)

84.    Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

85.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

86.    Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that the Green Works® Products were "naturally derived" and that consumers can expect "powerful cleaning done naturally."

87.    Defendant breached the warranty implied in the contract for the sale of the Green Works® Products because the goods were not "adequately contained, packaged, and labeled as the agreement may require," and the goods did not "conform to the promise or affirmations of fact made on the container or label." *See* U.C.C. § 2-314(2) (listing requirements for merchantability). As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

88.    Plaintiffs and Class members purchased the Green Works® Products in reliance upon Defendant's skill and judgment in properly packaging and labeling the Green Works® Products.

89.    The Green Works® Products were not altered by Plaintiffs or Class members.

90.    The Green Works® Products were defective when they left the exclusive control of Defendant.

91.    Defendant knew that the Green Works® Products would be purchased and used without additional testing by Plaintiffs and Class members.

92.    The Green Works® Products were defectively designed and unfit for its intended purpose, and Plaintiffs and Class members did not receive the goods as warranted.

93.    As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiffs and Class members have been injured and harmed because they would not have

purchased the Green Works® Products if they knew the truth about the products, namely, that they contain unnatural and/or synthetic ingredients.

**COUNT IX**

**(Unjust Enrichment)**

94.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

95.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

96.     Plaintiffs and Class members conferred benefits on Defendant by purchasing the Green Works® Products.

97.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class members' purchases of the Green Works® Products.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that the Green Works® Products were "naturally derived," and that consumers can expect "powerful cleaning done naturally."  These misrepresentations caused injuries to Plaintiffs and Class members because they would not have purchased the Green Works® Products if the true facts were known.

98.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class members for its unjust enrichment, as ordered by the Court.

**COUNT X**

**(Negligent Misrepresentation)**

99.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

100.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

101.     As discussed above, Defendant misrepresented that the Green Works® Products were "naturally derived" and that consumers can expect "powerful cleaning done naturally."

102.    At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

103.    At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about the Green Works® Products.

104.    The negligent misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase the Green Works® Products.

105.    Plaintiffs and Class members would not have purchased the Green Works® Products if the true facts had been known.

106.    The negligent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT XI

### (Fraud)

107.    Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

108.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

109.    As discussed above, Defendant provided Plaintiffs and Class members with false or misleading material information and failed to disclose material facts about the Green Works® Products, including but not limited to the fact that the Products contain unnatural and harmful ingredients.

110.    The misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase the Green Works® Products.

111.    The fraudulent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a.    For an order certifying the nationwide Class and the Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclasses and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

b.    For an order declaring the Defendant's conduct violates the statutes referenced herein;

c.    For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclasses on all counts asserted herein;

d.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.    For prejudgment interest on all amounts awarded;

f.    For an order of restitution and all other forms of equitable monetary relief;

g.    For an order requiring Defendant to undertake a corrective advertising campaign;

h.    For injunctive relief as pleaded or as the Court may deem proper; and

i.    For an order awarding Plaintiffs and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury of all issues so triable.


Dated:  July 5, 2017              Respectfully submitted,

**BURSOR & FISHER, P.A.**


By:_____*/s/ L. Timothy Fisher*_____
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)

1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiffs*

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, L. Timothy Fisher, declare as follows:

1.      I am counsel for Plaintiffs, and I am a partner at Bursor & Fisher, P.A.  I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2.      The complaint filed in this action is filed in the proper place for trial because a substantial portion of the transaction occurred in this District, in that Defendant The Clorox Company has its principal place of business in this District.

3.      Plaintiff Quiroz alleges that he purchased his Green Works® Naturally Derived Dishwashing Liquid and Green Works® Naturally Derived Laundry Detergent for household use from a Target retail store in California.  He alleges that when he purchased his Green Works® Naturally Derived Dishwashing Liquid and Green Works® Naturally Derived Laundry Detergent, he relied on Defendant's representation that the product was "naturally derived" and that he could expect "powerful cleaning done naturally."  He understood that representation to mean that the Green Works® Naturally Derived Dishwashing Liquid and Green Works® Naturally Derived Laundry Detergent did not contain unnatural, synthetic chemicals.

4.      Plaintiff Quiroz alleges that Defendant's misrepresentation of its Green Works® Products was an immediate cause of his decision to purchase Defendant's Green Works® Products. He alleges that in all reasonable probability that he would not have agreed to purchase the Defendant's Green Works® Products, or he would have sought materially different terms, had he known that Defendant's representations were false and misleading.

5.      Plaintiff Quiroz alleges that Defendant's "naturally derived" and "natural" representations concerning its Green Works® Products played a substantial part, and so had been a substantial factor in, his decision to purchase the Green Works® Products.

1     I declare under the penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct, executed on July 5, 2017 at Walnut Creek, California.

3

4

5  _____

6                          L. Timothy Fisher

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28